FILED
 2009 Mar-16  PM 02:58
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN F. GROGAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. 07-G-1637-S |
|  | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

## MEMORANDUM OPINION

The plaintiff, Steven F. Grogan, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal

standards were applied.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether he has a severe impairment;

(3) whether his impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform his past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. Id.

In the instant case, ALJ Debra H. Goldstein determined the plaintiff met the first two tests, but concluded that while he has an impairment or combination of impairments considered "severe," he did not suffer from a listed

3

impairment.  In her decision, the ALJ found that the plaintiff has the residual functional capacity to perform a less than full range of light and sedentary work. [R. 22].  Accordingly, the ALJ found the Plaintiff not to be disabled.

**THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN OR OTHER SUBJECTIVE SYMPTOMS**

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added).  Furthermore, it must

be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

### THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required. The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon

hypothetical questions about the claimant's abilities in spite of his impairments. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work. In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## DISCUSSION

In his decision, the ALJ found that the plaintiff suffered from the severe impairments of "hepatitis B and C; hypertension; and a history of substance abuse." [R. 19]. However, he found that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. . . ." [R. 20].

The ALJ explicitly found plaintiff met the Eleventh Circuit pain standard: "the claimant's medically determined impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [R. 21]. The ALJ based her credibility finding on the plaintiff's previous substance abuse:

> Specifically, it is well documented that the claimant abused alcohol off and on from 2001 to 2004, which resulted in certain hepatitis treatments being withheld or postponed. Records from Cooper Green Hospital, dated May 29, 2003, also show that he tested positive for cocaine and opiates.
>
> The claimant testified that he experiences bouts of nausea lasting from two to three hours, and that he has to lie down until the attacks pass. Although the medical evidence shows that he has complained of nausea on occasion, there is no evidence to support his allegations of daily debilitating nausea. Moreover, he receives no regular medication for nausea. In fact, the claimant's documented gastrointestinal episodes appear to be related to medical noncompliance.

> The claimant testified that he has experienced flu-like symptoms for the past three years. Although some arthralgias are documented, when examined by Dr. Sherman in April 2005, he had full range of motion in the back and extremities with normal muscle strength, sensation, and reflexes, and no atrophy, edema, or spasms. The other documentary evidence of record also fails to document his allegations. Although the claimant may not be capable of performing the full range of sedentary or light work activity, there is no medical evidence to indicate that he would be unable to perform some sedentary and light work activities on a sustained basis.

[Id.]. The reasons articulated by the ALJ in rejecting the plaintiff's subjective symptoms testimony are not supported by substantial evidence. While the record indicates that the plaintiff has a history of substance abuse, the plaintiff has ceased alcohol abuse because of his hepatitis C diagnosis.[1]

      The ALJ also noted that the consulting examiner, David E. Sherman, M.D., found that the Plaintiff had a full range of motion in his back and extremities with normal muscle strength, no edema or spasms, as evidence that the plaintiff does not have flu-like symptoms. [R. 20]. However, medical records from the plaintiff's treating physicians document the plaintiff's flu-like symptoms. On March 7, 2004, the plaintiff complained of "lower back pain" and "pain in all joints." [R. 168]. He was placed on medications to alleviate symptoms of chronic

---

[1] The plaintiff testified at the April 20, 2006, hearing that he had not had a drink in the last two years. [R. 240]. Moreover, on March 8, 2005, his doctors referred him to the Hepatitis Clinic for treatment hepatitis B and C. [R. 164]. His doctors had told him previously that therapy would be withheld as long as he continued to drink "because there are [a] good bit of side effects with the therapy." [R. 137].

fatigue, nausea and pain. [Id.]. On April 7, 2004, the plaintiff continued to complain of pain, nausea, fatigue and night sweats. [R. 167]. Follow-up treatment notes continue to reference flu-like symptoms. [R. 165-166]. A treatment note from March 8, 2005, refers to chronic lower back pain, with no relief with Tylenol or NSAIDS. [R. 164]. The medical evidence shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). Therefore, the ALJ's attempts to discredit the plaintiff's pain testimony are not supported by substantial evidence, and the plaintiff's testimony must be taken as true.

At the ALJ hearing the VE testified to the availability of jobs the plaintiff could perform, and said that the plaintiff's subjective symptoms of flu-like symptoms, including pain, nausea and fatigue:

> would be preclusive of any level of work activity. That would get into what we classify vocationally, Your Honor, as work adequate attendance [sic]. During those periods of decompensation, he would be incapable of maintaining work activity. And at that rate, he is not going to be able to perform competitively.

[R. 247].  The examination of the VE continued:

> ALJ: Okay.  Now if I combine the, in fact, individual with the same vocational profile, age, education, work history, with Hepatitis, with flu-like symptoms, joint pain, body pain, debilitating nausea attacks, hypertensive vascular disease, which would limit the ability to sit stand, and walk and carry beyond 10 pounds, 20 pounds on a regular basis, if I found that the individual had the combination of these factors, and I find that the medical evidence to be, was, would sustain that kind of a finding, what would be the vocational impact?
>
> VE: For clarification, Your Honor, based on testimony as provided in terms of the flu-like symptoms and the other things?
>
> ALJ: Yes, yes.
>
> VE: He would be incapable of any work.

[R. 260].  The plaintiff had previously testified that he suffers from pain and fatigue which affects his ability to sit, stand and walk.  [R. 233-234].  Because of pain and nausea, the plaintiff averages only three to four hours of sleep each night.  [R. 234].  He testified because of joint pain and nausea, coupled with fatigue, he lies down for two to three hours every day.  [R. 233-235].  Because the ALJ did not properly discredit the plaintiff, his testimony must be accepted as true.

## CONCLUSION

Therefore, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order

11

remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 16 March 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.